UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-0220 (SLS) |

**JOINT STATUS REPORT**

Pursuant to the Court's April 9, 2026, Minute Order, Plaintiffs Heritage Foundation and Mike Howell, and Defendant the Department of Justice ("DOJ" or "the Department"), submit this Joint Status Report to apprise the Court of the status of Plaintiffs' requests brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. For this Joint Status Report, the Court ordered the parties to address: "(1) how many pages remain to be released, and (2) the date when the Parties expect production to be completed." Feb. 18, 2026, Min. Order; April 9, 2026, Min. Order.

**THE STATUS OF PLAINTIFFS' FOIA REQUEST**

The Department's Office of Information Policy's ("OIP") is currently processing Plaintiffs' FOIA request which seeks the following records for all personnel working for Special Counsel Jack Smith:

> All records related to software, hardware, or file storage updates, upgrades, modifications, or other changes, including deletion. Additionally, all records produced in the process of making such changes.
>
> All records referencing the terms "Federal Records", "FRA", "retention", "retain" "delete" "deletion" "dispose" "disposal" "burn" "burned" "destroy", "archive" "archivist" and any communications referencing to federal law related to document retention included but not limited to Title 44 of the US code, Chapter 33, Sections §3301 - §3314.

Regarding Part 1 of the request, OIP has identified approximately 1,075 pages of potentially responsive records to process,[1] and determined that all pages of potentially responsive records require external consultation with other DOJ components having equities in those records. While OIP initially estimated sending these consultations by July 31, 2026, OIP exceeded this initial estimate, and all consults for Part 1 were sent by April 17, 2026. OIP has identified overlapping equities within all potentially responsive records, necessitating consultation with six other DOJ components. OIP intends to issue responses on a rolling basis, as consultations are completed, and will endeavor to issue a final response as to Part 1 of Plaintiffs' FOIA request by November 30, 2026.

Regarding Part 2 of the request, the parties have conferred on several occasions between March 24, 2026, and the filing of this JSR. As of the filing of this JSR, Plaintiffs have agreed to eight narrowing proposals, and OIP intends to continue to convey additional scoping proposals to Plaintiffs as OIP continues its manual review of records for responsiveness. As of the filing of this JSR, OIP has manually reviewed several thousand items within the universe of records potentially responsive to Plaintiffs' FOIA request. This manual review includes the manual application of the parties' scoping agreements, as well as review for responsiveness. As of the filing of this JSR, OIP has approximately 28,195 items remaining to manually review. An "item" is a document for review, and there is no limit to the potential page count for an "item." For example, a one-page parent email with three separate one hundred-page attachments would display as four "items" (one parent email and three attachments), despite consisting of 301 pages (one one-page parent email and 300 pages of attachments). OIP is continuing to manually review the universe of potentially

[1] "Processing" includes further responsive review, manual de-duplication, application of the parties' scoping agreements, and application of FOIA exemptions as applicable.

responsive records for responsiveness, including applying the parties' scoping agreements. OIP additionally expects to continue to promptly confer with Plaintiffs' counsel as to any other scoping proposals. OIP expects to complete its responsiveness review no later than Monday, August 10, 2026. Given that OIP has not yet completed its review of the universe of records potentially responsive to Part 2 of Plaintiffs' request, OIP is unable to estimate a timeline for processing of any records potentially responsive to Part 2 of Plaintiffs' request, as OIP does not yet know the nature of the records, the equities that may be contained therein, or the amount of potentially responsive records. One it has determined the number of responsive records left to process, OIP expects to provide a timeline for processing and an estimated completion date of its responses as to Part 2 by September 10, 2026. OIP however notes that any estimated completion date of its responses may change depending on the complexity of records and the number of consultations required, among other factors.

*     *     *

**PROPOSED NEXT JOINT STATUS REPORT**

Given these updates, the parties believe it is premature to set a briefing schedule or a date to provide a *Vaughn* Index. The parties respectfully propose that the parties submit another Joint Status Report in approximately sixty days, or on or before July 10, 2026, to apprise the Court of any updates on the status of Plaintiffs' FOIA request.

Dated: May 11, 2026
Washington, DC

/s/ Kyle Brosnan
KYLE BROSNAN
No.90021475
The Oversight Project
Telephone: (845) 674-5589
Email: Kyle@itsyourgov.org

ERIC NEAL CORNETT
No.1660201
The Oversight Project
Telephone: (606) 275-0978
Email: neal@itsyourgov.org

*Attorney for Plaintiffs*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *[/s/ Erika Oblea]*
ERIKA OBLEA, D.C. Bar #1034393
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Telephone: (202) 252-2567
erika.oblea@usdoj.gov

*Attorneys for the United States of America*